UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SCOTT ALVA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3048** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "E"(4)** |

### REPORT AND RECOMMENDATION

Plaintiff James Scott Alva a/k/a Jim Scott Cole is a prisoner incarcerated in the Federal Correctional Institution ("FCI") – Oakdale II, in Oakdale, Louisiana. ECF No. 3-1, at 5. Alva filed this *pro se* civil rights complaint against the State of Louisiana, the FCI Oakdale II, Warden Ma'at, Associate Warden Carter, A. Goen, S. Botley, J. Kirklin, and James Scott Alva Enterprise challenging the conditions of and care he receives at FCI Oakdale II. ECF No. 3, ¶IV, at 4-5; ECF No. 3-1, at 1-5.

Alva also submitted an application to proceed *in forma pauperis*. ECF No. 4. Because the Court recommends the transfer of this case, ruling on the pauper application is deferred to the receiving Court.

**I.     Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The same is true in *Bivens* actions against federal actors.[1] *Moler v. Wells*, 18 F. 4th 162, 167 (5th Cir. 2021) (deferring to general venue provisions for venue of *Bivens* claim). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court under certain conditions to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation. *In re Rolls Royce Corp.*, 775 F.3d 671, 677-78 (5th Cir. 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)). A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness." *Id*. at 678.

## II.   Discussion

Alva has sued defendants who are not present in this district and urges claims arising from events that did not occur within this district. Alva indicates that the defendants and events giving rise to his lawsuit occurred in the city of Oakdale within Allen Parish, Louisiana. Alva also is housed in FCI Oakdale II located in that same Parish. Allen Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). There is no connection to the Eastern District of Louisiana to provide a basis for venue in this Court. The interest of justice would be served by transfer of this *pro se* matter to the proper district.

### III. Recommendation

It is **RECOMMENDED** that James Scott Alva's civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 26th day of September, 2022.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.